DAMIAN M. MOOS, Bar No. 240030
damian.moos@bbklaw.com
DANIEL L. RICHARDS, Bar No. 315552
daniel.richards@bbklaw.com
BEST BEST & KRIEGER LLP
18101 Von Karman Avenue
Suite 1000
Irvine, CA  92612
Telephone:  (949) 263-2600
Facsimile:  (949) 260-0972

BRICK POWER, Bar No. 181347
bpower@djplaw.com
WM. KELLY NASH (*Pro Hac Vice to be filed*)
knash@djplaw.com
DURHAM, JONES & PINEGAR, PC
3301 N. Thanksgiving Way, Suite 400
Lehi, UT  84043
Telephone:  (801) 375-6600
Facsimile:  (801) 375-3865

Attorneys for Plaintiff
Kennedy Marketing Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MARKETING GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEALER DIGITAL GROUP, LLC, a California limited liability company; TL MEDIA TEAM, LLC, a California limited liability company, and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. TRADE DRESS INFRINGEMENT;<br>3. TRADEMARK INFRINGEMENT;<br>4. UNJUST ENRICHMENT/ACCOUNTING; AND<br>5. VIOLATION OF UNFAIR BUSINESS PRACTICES |

Upon information and belief, Plaintiff KENNEDY MARKETING GROUP, INC. ("KMG"), through counsel and pursuant to Fed. R. Civ. P. 4 and 8, alleges the following Causes of Actions, which are properly before this Court pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 501 and 17 U.S.C. § 1125(a):

## INTRODUCTION

This case seeks injunctive relief, and to recover damages caused by, Defendants' unlawful and unfair business practices, whereby Defendants have infringed and otherwise engaged in unlawful conduct respecting KMG's copyright, trademark, trade dress, proprietary and other valuable interests and intellectual property rights.

## PARTIES

1. KMG is a California corporation engaged in the advertising and marketing business in numerous states (i.e., including CA, UT and NJ), with its principal place of business in San Clemente, Orange County, CA.

2. Defendant DEALER DIGITAL GROUP, LLC ("Dealer Digital") is a limited liability company engaged in the marketing and advertising business and creates advertising campaign, with its principal place of business and doing business in Murrieta, Riverside County, CA.

3. Defendant TL Media Team, LLC ("TL Media") is a California limited liability company engaged in the marketing and advertising business and creates advertising campaigns, with its principal place of business and doing business in Lake Elsinore, Riverside County, CA.

4. The true names and capacities of those individuals and entities sued as Does 1 through 50 are unknown to KMG, who therefore sues those defendants by such fictitious names. KMG believes such Does may include various automobile dealerships. KMG will seek leave of court to amend this complaint to allege their true names and capacities when ascertained.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the actions or inactions giving rise to the claims herein occurred in this judicial district (Riverside County, CA) and because at least one Defendant resides in this judicial district (Riverside County, CA) and all Defendants are residents of California. Jurisdiction is proper because this matter involves the resolution of federal question and this Court has subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state causes of action pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

1. KMG offers an array of advertising and marketing consulting services to the public, including customized design, authoring, production, staging and promotion of sales events or advertising campaigns for auto dealerships throughout the United States ("Services"). KMG's Services are highly customized and derived from KMG's proprietary, confidential and other intellectual property interests and are based upon KMG's extensive experience, research, testing, surveys, ideas, creative products, writings, concepts, recipes, content, systems, distinctive processes, advertising and marketing programs and materials, customer lists and contact information, trade secrets, techniques, knowhow, copyrights, trademarks, trade dress and protected campaign materials and other intellectual property interests (collectively, "KMG IP").

2. KMG IP includes proprietary advertising and marketing materials ("Protected Materials") comprised of information protected by common law and/or registered copyrights, including U.S. Copyright Registration No. VA 1-906-167 and U.S. Copyright Registration No. TX 8-061-859, trademarks, trade dress and trade secrets.

3. KMG has used various forms or versions of its Protected Materials since shortly after its inception in August 2011. KMG's predecessor, AIM Productions, Inc., used the Protected Materials at least as of 2011, if not earlier.

4. A marketing piece run in February 2016 for the dealership Torre Nissan by KMG ("2016 KMG Piece") (which contained KMG's copyright and trademark symbols) is attached as Exhibit A.

5. Dealer Digital and TL Media have published and/or caused to be published, and may still be publishing and/or causing to be published, without authorization, materials substantially similar to KMG's proprietary advertising and marketing materials and/or Protected Materials in violation of federal, state and/or common law.

6. Upon information and belief, in late 2016 or early 2017, a principle of TL Media, working with and on behalf of both TL Media and Dealer Digital, presented an exact copy of the 2016 KMG Piece (Exhibit A) to Torre Nissan and offered to run the advertisement for Torre Nissan.

7. Dealer Digital and/or TL Media ran an exact copy of the text of the KMG piece in January/February 2017 for Torre Nissan, a copy of which is attached hereto as Exhibit B ("Infringing Piece"). The Infringing Piece is also virtually identical to KMG's Protected Materials, including federal Copyright Registration No. TX 0008061859 and associated trademarks trade dress and trade secrets.

8. Upon information and belief, Dealer Digital and/or TL Media copied the Infringing Piece from the 2016 KMG Piece disregarding KMG's clear copyright, trademark reservations and other interests respectively on the piece.

9. Dealer Digital and/or TL Media knowingly and intentionally published the advertising mailer campaign using KMG's Protected Materials.

10. Upon information or belief, Dealer Digital and/or TL Media may have also published other marketing campaigns that infringe upon KMG's IP.

11. Dealer Digital and/or TL Media's subject campaigns or promotions, as well as individual elements of Dealer Digital and/or TL Media's promotions or campaigns are virtually identical in look and feel to KMG's Protected Materials.

12. The primary text of TL Media and/or Dealer Digital's mailer promotion is virtually identical to and copies language from KMG's Protected Materials.

13. KMG's Copyright Registration No. TX 8-0610859 provides KMG with exclusive rights to the following phrases, among others:

> "Even if you are still making payments on your [current vehicle] or it is completely paid off, I want to trade keys with you! Go ahead and throw us the keys to your [current vehicle] and in return catch the keys to a brand new [vehicle] . . .
>
> [First name], act now! . . . Trade in your vehicle now and use its equity for a new set of keys [through date]!"

14. Dealer Digital and/or TL Media's selective use of the foregoing infringes KMG's copyright. Dealer Digital and/or TL Media's use of KMG's catch phrase "trade keys" infringes KMG's common law trademark rights.

15. The sticky note and the use of "Call me direct for a great deal!" on the sticky note is also substantially similar to KMG's common-law trademark rights, including "See me personally for a great deal!"

16. In addition, Dealer Digital and/or TL Media have used KMG's Protected Materials in a combination to which KMG has protected rights.

17. Dealer Digital and TL Media have also used the Infringing Piece to solicit business from other dealerships, including to Riverside Mazda.

## FIRST CAUSE OF ACTION
## (COPYRIGHT INFRINGEMENT 17 U.S.C. § 501)
## (AGAINST DEFENDANTS)

18. KMG incorporates paragraphs 6 through 17 as though set forth herein.

19. KMG has obtained and owns a copyright regarding the protected material pursuant to U.S. Copyright Registration No. VA 1-906-167 and U.S. Copyright Registration No. TX 8-061-859.

20. The Protected Materials represent original works of authorship that are owned by KMG.

21. Defendants, directly or indirectly, and knowingly and/or recklessly, have reproduced or permitted to be reproduced portions of the Protected Materials and have incorporated them into their own infringing advertising and marketing materials, which they have distributed to the public.

22. Defendants have thereby violated the exclusive rights provided by 17 U.S.C. § 106(1) and (2) have thus infringed KMG's copyright as provided by 17 U.S.C. § 501(a) and (b).

23. As a result of the foregoing misconduct, KMG has been damaged and is entitled to actual damages and/or statutory damages, costs, and attorneys' fees in an amount to be proven at trial.

24. KMG is also entitled to an injunction preventing further infringement by the Defendants of KMG's IP, Protected Materials, copyrights and related interests.

## SECOND CAUSE OF ACTION
### (TRADE DRESS INFRINGEMENT 15 U.S.C. § 1125(a))
### (AGAINST DEFENDANTS)

25. KMG incorporates by reference paragraphs 6 through 17 as though set forth herein.

26. KMG's Protected Materials have a common theme, look, feel and design that is recognized by the public and used to distinguish KMG's goods and services from those of others.

27. KMG has protectable trade dress including, as embodied in its Protected Materials.

28. KMG's trade dress is inherently distinctive and non-functional.

29. Defendants' advertising materials incorporate KMG's trade dress and are likely to cause confusion among the relevant public.

30. As a result, Defendants, directly or indirectly, have infringed KMG's trade dress under 15 U.S.C. § 1125(a).

31. As a result of the foregoing misconduct, KMG has been damaged and is entitled to damages, attorneys' fees, and injunctive relief an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## (TRADEMARK INFRINGEMENT 15 U.S.C. § 1125(A))
## (AGAINST DEFENDANTS)

32. KMG incorporates by reference paragraphs 6 to 17 as though set forth herein.

33. KMG's IP and/or Protected Materials include common law trademarks for sticky notes that include handwriting on a sale/promotional advertisement. This common law trademarks include the handwriting of "See me personally for a good deal!" and/or derivatives thereof on a sticky note.

34. KMG has protectable common law trademarks including as embodied in KMG's IP and/or Protected Materials.

35. KMG's common law trademarks are inherently distinctive and non-functional.

36. Defendants' advertising materials incorporate KMG's common law trademarks and are likely to cause confusion among the relevant public.

37. As a result, Defendants, directly or indirectly, have infringed KMG's trademarks and related interests under 15 U.S.C. § 1125(a).

38. As a result of the foregoing misconduct, KMG has been damaged and is entitled to actual and/or statutory damages, costs and attorneys' fees, and injunctive relief in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (UNJUST ENRICHMENT/ACCOUNTING)

### (AGAINST DEFENDANTS)

39. KMG incorporates by reference paragraphs 6 through 17 as though set forth herein.

40. Defendants have converted and/or received the benefit of KMG's IP and Protected Materials without any consideration provided to KMG and have profited thereby.

41. By reason of the foregoing misconduct, Defendants have been unjustly enriched.

42. KMG is entitled to an order requiring that Defendants account for and that they disgorge the value of all revenues or benefits received that are in any way related to KMG's IP and Protected Materials or any derivatives thereof.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF UNFAIR BUSINESS PRACTICES LAW)

### (CAL BUSINESS AND PROFESSIONS CODE §17200 ET SEQ.)

### (AGAINST DEFENDANTS)

43. KMG incorporates by reference the foregoing paragraphs 6 through 17 as though set forth herein.

44. By reason of the foregoing misconduct, Defendants have engaged in unlawful activity prohibited by California Business and Professions Code sections 17200 et. seq. as follows:

45. The actions or inactions of Defendants constitute unlawful, unfair, misleading and/or deceptive business practices within the meaning of California Business and Professions Code section 17200 et. seq.

46. Defendants' actions or inactions as described herein are ongoing and continuous.

47. As a direct and proximate result of Defendants' unlawful business acts or practices, KMG has lost money or property, including but not limited to loss of and/or damage to its property rights conferred by common law and/or registered copyrights, trade dress and trademarks, and economic injury including loss of commercial goodwill, loss of profits, loss of business, and loss of licensing fees.

48. Defendants should be enjoined from this activity and required to make restitution to KMG, including disgorgement of the value of all revenues or benefits which have been unlawfully obtained as a result of the actions, inactions and practices described herein.

WHEREFORE, KMG PRAYS AS FOLLOWS:

1. For entry of judgment in favor of KMG and against Defendants on each Cause of Action;

2. For compensatory damages in an amount to be proven at trial;

3. For restitution and disgorgement in an amount to be proven at trial, as authorized by California Business and Professions Code Section 17203 for violations of California Business and Professions Code Section 17200, et seq.;

4. For punitive and exemplary damages;

5. For any applicable statutory damages and/or penalties applicable;

6. For a full and complete accounting, restitution and disgorgement;

7. For temporary and permanent injunctive relief prohibiting Defendants from continuing to engage in the offending conduct;

8. For attorneys' fees and costs, including pursuant to 17 U.SC. § 1117 and 17 U.S.C. § 505; and

9. For such other and further relief as the Court deems just and proper.

///
///
///
///

## **DEMAND FOR JURY TRIAL**

KMG hereby demands a trial by jury.

Dated: August 10, 2017         BEST BEST & KRIEGER LLP


By: /s/ *Damian M. Moos*
    DAMIAN M. MOOS
    DANIEL L. RICHARDS
    Attorneys for Plaintiff
    Kennedy Marketing Group, Inc.