# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENNEDY MARKETING GROUP, INC., a California corporation,

    Plaintiff,

v.

DEALER DIGITAL GROUP, LLC, a California limited liability company; TL MEDIA TEAM, LLC, a California limited liability company, and DOES 1 to 50, inclusive,

    Defendants.

Judge: Josephine L. Staton

Case No. 8:17-cv-01373-JLS-KES

**PERMANENT INJUNCTION**

Having considered the stipulation of Plaintiff Kennedy Marketing Group, LLC ("**KMG**") and Defendants Dealer Digital Group, LLC ("**Dealer Digital**") and TL Media Group, LLC ("**TL Media**") (together referred to as "**Defendants**") and good cause appearing, the Court hereby orders as following:

1. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties to this action.

2. Based on the stipulation of the parties, the Court finds the following facts:

    a. KMG has valid federal copyrights and trademarks;

    b. Defendants infringed on those copyrights and trademarks;

    c. KMG has demonstrated a substantial likelihood of success on the merits regarding its claim against the Defendants.

    d. KMG will suffer immediate and irreparable injury from Defendants' continued infringement of KMG's copyrights, trademarks and trade dress.

    e. KMG has established its trade dress includes the combination of or substantial similarities to: a bi-fold brochure; with messages similar to KMG's copyrights (i.e., "trade keys", "toss us the keys", etc.) and format and order similar to KMG's works, the use of a business card, handwritten sticky note and/or handwritten envelope. KMG's trade dress is (1) inherently distinctive or has become distinctive through secondary meaning; (2) there is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional.

## **Permanent Injunction**

Defendants and all persons acting as agents of or in concert or conspiracy with any of them, directly or indirectly, are permanently enjoined as follows:

1. Defendants are each enjoined from using, disclosing and/or infringing on KMG's protected materials, which include KMG's copyrights, trademarks and trade dress, whether federally registered or arising at common law;

2. Defendants are each enjoined from infringing on KMG's trade dress. Defendants shall not feature in any mailer or work any combination of two or more of the following: (i) a business card, (ii) a handwritten sticky note and or (iii) a handwritten envelope (e.g., cannot use a handwritten sticky note or envelope with a business card in the same mailer). Defendants shall not feature any message that is confusingly similar (as that term is used in the context of the Lanham Act or other applicable trademark law) to any of KMG's mailers and works (i.e., KMG's Advertising Materials as alleged).

**IT IS SO ORDERED.**

Dated: August 14, 2018

Hon. Josephine L. Staton
United States District Judge